# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CEDRIC WAYNE BAGBY,** | § | |
| **TDCJ No. 423282,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| **V.** | § | **CIVIL NO. SA-14-CA-682-XR** |
| | § | |
| **GEORGE H. KING, Judge,** | § | |
| **DONNA M. RYU, Judge,** | § | |
| **RICHARD W. WIEKING, and** | § | |
| **MOLLY C. DWYER,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff Cedric Wayne Bagby has filed this civil rights action pursuant to 42 U.S.C. § 1983 naming as defendants the Chief Judge of the United States District Court for the Central District of California (George H. King), a United States Magistrate Judge for the Northern District of California (Donna M. Ryu), the United States District Clerk for the Northern District of California (Richard W. Wieking), and the Clerk of the United States Court of Appeals for the Ninth Circuit (Molly C. Dwyer). Liberally construed, Plaintiff's pro se original complaint alleges he has been denied access to various federal district and appellate courts located in the State of California. For the reasons discussed below, Plaintiff's claims will be dismissed as frivolous and for failure to comply with the Magistrate Judge's Show Cause Order.

### I. Background

The Court takes judicial notice that Cedric Wayne Bagby was convicted (1) in May 1988 in Harris County, Texas in cause no. 446442 of attempted murder and sentenced to serve a 45-year term in the Texas Department of Criminal Justice's Institutional Division, (2) in May 1988 in Harris

County, Texas in cause no. 446441 of murder with a deadly weapon and sentenced to serve another forty five year term of imprisonment, and (3) in October 1988 in Anderson County, Texas in cause no. 19,938 of aggravated assault on a correctional officer and sentenced to serve a six-year term of imprisonment. Based upon the return address contained in Plaintiff's submissions to this Court, Plaintiff is currently incarcerated in the Texas Department of Criminal Justice's William P. Clements Unit in Amarillo, Texas, which is located within the geographic boundaries of the United States District Court for the Northern District of Texas. 28 U.S.C. § 124(a)(5). According to the TDCJ's official governmental web site, Plaintiff is currently scheduled for release in March 2017.

In addition, this Court takes judicial notice of the fact that, while incarcerated, Plaintiff has previously filed at least four lawsuits, two in the United States District Court for the District of Columbia [*Bagby v. Thaler, et al,* 1:12cv2001 (Wash-DC) and *Bagby v. President of Bank of America*, 1:13cv225 (Wash-DC)], one in the Amarillo Division of the United States District Court for the Northern District of Texas [*Bagby v. Thaler, et al.*, 2:13cv12 (N.D. Tex. -Amarillo Division)], and one in the United States District Court for the Southern District of Texas [*Bagby v. Fathi*, 4:13cv598 (S.D. Tex. - Houston Division)], all of which were dismissed as frivolous. Accordingly, pursuant to 28 U.S.C. § 1915(g), Plaintiff is not eligible to proceed In Forma Pauperis in this Court in this action unless Plaintiff can establish that he "is under imminent danger of serious physical injury." *See Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009) (explaining the consequences for a prisoner of accumulating "three strikes" under 28 U.S.C. § 1915(g), i.e., the imposition of a barrier to proceeding In Forma Pauperis absent a showing the plaintiff is under imminent danger of serious physical injury); *Adepegba v. Hammons*, 103 F.3d 383, 386-87 (5th Cir. 1996) (holding the "three strikes" provision does not unconstitutionally impede a prisoner's right

2

of access to the courts because the prisoner remains free to proceed without the advantages of the In Forma Pauperis procedures and recognizing that, prior to the advent of the "three strikes" rule, federal courts routinely revoked the privilege of proceeding In Forma Pauperis after numerous dismissals of lawsuits filed by a serial litigant).

## II. Proceedings in this Court

In a Show Cause Order issued August 11, 2014, the Magistrate Judge (1) explained to Plaintiff the application of the "three strikes" rule and the requirement that he allege specific facts showing he is under imminent threat of serious physical injury or pay the filing fee of three hundred fifty dollars; (2) explained Plaintiff's claims against defendants King and Ryu failed to overcome the doctrine of absolute judicial immunity; (3) explained Plaintiff's claims against defendants Wieking and Dwyer failed to overcome the doctrine of qualified immunity; and (4) directed Plaintiff to file an amended complaint addressing these defects. *ECF no. 3.* The deadline for Plaintiff's response to the Magistrate Judge's Show Cause Order long ago expired and Plaintiff has made no attempt to respond thereto.

Instead, Plaintiff has submitted to this Court a host of new §1983 lawsuits against a number of federal judicial officers and court staff, complaining cryptically about their handling and disposition of prior lawsuits Plaintiff has filed or attempted to file in various federal courts across the nation.[1]

Plaintiff has failed to allege any facts showing he is currently under imminent danger of serious physical injury. Plaintiff's claims herein extend no further than complaints about the

---

[1] SA-14-CA-735-FB (JWP); SA-14-CA-736-OLG; SA-14-CA-737–XR (HJB); SA-14-CA-741-HLH; SA-14-CA-776-XR (HJB); SA-14-CA-778-DAE (JWP); SA-14-CA-779-FB (PMA); SA-14-CA-780-DAE (PMA); SA-14-CA-781-FB (HJB).

disposition of previous lawsuits Plaintiff either filed or attempted to file in various federal trial and appellate courts in California.  Plaintiff has alleged no facts showing his physical safety has been threatened by any act or omission by any of the Defendants listed in his original complaint.

Accordingly, Plaintiff's claim is barred by the "three strikes" rule under 28 U.S.C. § 1915(g) because he fails to make a showing that he is under imminent danger of serious physical injury.

Alternatively, Plaintiff's purported claims are barred by either judicial immunity, qualified immunity, or fail to state a non-frivolous claim.

### Conclusion

Accordingly, it is hereby **ORDERED** that:

1.  The referral of this cause to the Magistrate Judge is **WITHDRAWN.**

2.  Plaintiff's motion to proceed In Forma Pauperis, filed July 28, 2014, ECF no. 2, is **DENIED**.

3.  All of plaintiff's claims herein are **DISMISSED**.

4.  All other pending motions are **DISMISSED as moot.**

It is so ORDERED.

SIGNED this 18th day of September, 2014.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE